# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| RALPHIELL BRAUNSKILL, | : | Case No. 1:24-cv-374 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Jeffery P. Hopkins |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| BROWN COUNTY | : | |
| SHERIFF DEPT, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION[1]

Plaintiff, a prisoner currently at the Richland Correctional Institution, has filed a *pro se* civil rights complaint against Defendants Brown County Sheriff's Department and Brown County. (*See* Doc. 1, Complaint at PageID 14). By separate Order Plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

### Screening of Plaintiff's Complaint

#### A. Legal Standard

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed

---

[1] Attached is a NOTICE to the parties regarding objections to the Report and Recommendation.

by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(2)[2] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[2] Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### B. Allegations in the Complaint

Plaintiff alleges that on July 2, 2022, he was arrested by Defendant Brown County Sheriff's Department. (Doc. 1 at PageID 3). According to Plaintiff, Defendant intruded and seized money, phones, and other items without a search warrant. Plaintiff claims the value of the property exceeded $20,000 and that he had a reasonable expectation of privacy within the searched

premises. (*Id.*). Plaintiff further alleges that the Defendants tampered with evidence to conceal the search/seizure, falsely promised him federal asylum, and denied him a forfeiture hearing. (*Id.* at PageID 4, 6).

Based on these factual allegations, Plaintiff brings four counts in the complaint. First, under 42 U.S.C. § 1983, Plaintiff asserts that his Fourth Amendment rights were violated in connection with the search and seizure of his property. Second, under 42 U.S.C. § 1985, he alleges that Defendant Brown County Sheriff's Department "conspired intramurally & perhaps with other unknown parties, to deprive plaintiff of equal protection of the laws." (*Id.* at PageID 4). Third, Plaintiff brings a state-law claim of intentional infliction of emotional distress. (*Id.* at PageID 5). Finally, in his fourth count and without further factual elaboration, Plaintiff seeks to hold Brown County liable "for a long-standing policy of indifference to the deprivation of citizen's rights." (*Id.* at PageID 6).

As relief, Plaintiff seeks monetary damages. (*Id.* at PageID 7-8).

### C. Analysis.

For the reasons set forth below, the complaint should be dismissed in its entirety. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

As an initial matter, Plaintiff's § 1983 claims should be dismissed against Defendant Brown County Sheriff's Department. Only "a person" acting under color of state law is subject to suit or liability under 42 U.S.C. § 1983. A county jail or sheriff's office is not a "person" within the meaning of § 1983. *See*, *e.g.*, *Marbry v. Corr. Med. Services*, No. 99–6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000); *Aladimi v. Hamilton Cnty. Justice Ctr.*, No. 1:09-cv-398, 2012 WL 292587, at *7 (S.D. Ohio Feb. 1, 2012) (Bowman, M.J.) *Report & Recommendation adopted*, 2012 WL 529585 (S.D. Ohio Feb. 17, 2012) (Barrett, J.); *Mischer v. Cuyahoga Cnty. Jail*, No. 1:11-cv-

1201, 2011 WL 4529331, at *2 (N.D. Ohio Sept. 28, 2011). *See also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that the Sheriff's Department "is not a legal entity subject to suit" under § 1983). Therefore, Plaintiff fails to state an actionable § 1983 claim against Defendant Brown County Sheriff's Department.

Plaintiff also seeks to hold Brown County liable based on the allegations in the complaint. (*See* Doc. 1, Complaint at PageID 6). However, to state a claim for relief against Brown County for his alleged injuries, Plaintiff must allege that "those injuries were the result of an unconstitutional policy or custom of the County." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978)*; Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). *See also Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be the "moving force" behind constitutional deprivation). "The 'official policy' requirement [of *Monell*] was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986) (emphasis in original). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

Although the complaint includes the allegation that Brown County has "a long standing policy of indifference to the deprivation of citizen's rights" (Doc. 1, Complaint at PageID 6), Plaintiff's conclusory allegation without factual enhancement is insufficient to state a claim for relief under § 1983. Plaintiff has failed to "identify the policy, connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy."

*Garner v. Memphis Police Dep't,* 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford,* 245 F.3d 869 (6th Cir. 2001)). *See also Burgess v. Fischer*, 735 F.3d 462, 479 (6th Cir. 2013) ("[E]ven assuming there was an underlying constitutional violation, we affirm the dismissal of the *Monell* claim because Plaintiffs have failed to set forth sufficient facts to establish an unconstitutional custom or policy."). Further, "a custom-of-tolerance claim requires a showing that there was a pattern of inadequately investigating similar claims." *Burgess*, 735 F.3d at 478 (citations omitted). The complaint fails to allege the existence of any other instances of misconduct to plausibly support an inference of such a pattern in this case. Plaintiff's allegations are the type of legal conclusion couched as a factual allegation that does not pass muster under *Twombly* or *Iqbal*. Accordingly, Plaintiff has failed to state a § 1983 claim upon which relief may be granted against Defendant Brown County.

Plaintiff's conspiracy claim should also be dismissed. To plead a cause of action under § 1985,[3] Plaintiff must allege that Defendants conspired together for the purpose of depriving Plaintiff of the equal protection of the laws; that Defendants committed an act in furtherance of the conspiracy that caused injury to Plaintiff; and that the conspiracy was motivated by a racial, or other class-based, discriminatory animus. *See Bruggeman v. Paxton,* 15 F. App'x 202, 205 (6th Cir. 2001); *see also Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003) (and cases cited therein). "The complaint thus must 'allege both a conspiracy and some class-based discriminatory animus behind the conspirators' action.'" *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 367-68 (6th Cir. 2012) (quoting *Newell v. Brown,* 981 F.2d 880, 886 (6th Cir. 1992), in turn quoting *Griffin v.*

---

[3] Based on review of Plaintiff's allegations, it appears that his claim arises under 42 U.S.C. § 1985(3), and the Court's analysis is limited to this subsection. The complaint contains no allegations to plausibly be construed as asserting a claim under either 42 U.S.C. §§ 1985(1) or (2).

*Breckenridge,* 403 U.S. 88, 102 (1971)).  In addition, conspiracy claims must be pled with specificity; "vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim."  *Id.* at 368 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)).  Here, Plaintiff has not pleaded that any of the Defendants were motivated by a racial or class-based discriminatory animus.  Moreover, Plaintiff's allegations are insufficient to support any inference that Defendants were involved in a conspiracy, or in other words, that Defendants "shared a common discriminatory objective." *See id.* (citing *Hinkle v. City of Clarksburg, W.Va.*, 81 F.3d 416, 421 (4th Cir. 1996)).  In the absence of any factual allegations to support his vague and conclusory conspiracy claim, Plaintiff fails to state a claim upon which relief may be granted under § 1985.

Finally, because the undersigned recommends the dismissal of Plaintiff's federal claims, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law intentional infliction of emotional distress claim and dismiss the claim without prejudice. *See Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 210 (6th Cir. 2004) (although the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is a matter of discretion, when a court dismisses all federal claims before trial, it generally should dismiss the state law claims as well).

## IT IS THEREFORE RECOMMENDED THAT:

1.  The Court **DISMISS** Plaintiff's federal claims **with prejudice** pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii).

2.  The Court **DECLINE to exercise supplemental jurisdiction** over Plaintiff's remaining state-law claims and **DISMISS** such claims **without prejudice.**

3.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore,

deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

October 21, 2024                                    *s/Peter B. Silvain, Jr.*
                                                    Peter B. Silvain, Jr.
                                                    United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).