## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| RALPHIELL BRAUNSKILL, | : | Case No. 1:24-cv-374 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Jeffery P. Hopkins |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| BROWN COUNTY SHERIFF DEPT, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER AND REPORT AND RECOMMENDATION[1]

Plaintiff has filed a prisoner civil rights case in this Court. (Doc. 3). The Undersigned subsequently issued a Report and Recommendation to dismiss Plaintiff's federal claims and decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. The initial Complaint was brought against Defendants the Brown County Sheriff's Department and Brown County. In the Report and Recommendation, it was recommended that Plaintiff's federal claims against the Brown County Defendants be dismissed because the Brown County Sheriff's Department is not a "person" subject to suit under 42 U.S.C. § 1983 and Plaintiff failed to plausibly suggest that his injuries were the result of an unconstitutional policy or custom of the County. *See* Doc. 4. The Undersigned further determined that Plaintiff failed to set forth a viable conspiracy claim under 42 U.S.C. § 1985.

In response to the Report and Recommendation, which remains pending, Plaintiff has filed Objections, as well as a Supplemental Amended Complaint. (Doc. 5, 6). In the Amended

---

[1] Attached is a NOTICE to the parties regarding objections to the Report and Recommendation.

Complaint Plaintiff adds Sergeant Singleton as a Defendant to this action.  (*See* Doc. 6, *PageID* 54).

This matter is before the Court for a *sua sponte* review of the Complaint, as amended, to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

## Screening of Plaintiff's Complaint

### A.  Legal Standard

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)(2)[2] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[2] Formerly 28 U.S.C. § 1915(d).

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the

3

defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).  Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### B.  Allegations in the Supplemental Amended Complaint

Plaintiff alleges that on July 2, 2022, he was arrested by Defendant Sergeant Singleton.  Plaintiff further alleges that Singleton intruded and seized money, phones, and other items without a search warrant.  According to Plaintiff, the value of the property exceeded $20,000 and that he had a reasonable expectation of privacy within the searched premises.  *Id*.  Plaintiff further alleges that the Defendants[3] conspired to deprive him of equal protection of the laws by allegedly tampering with evidence and falsely promising Plaintiff asylum.

Based on these factual allegations, Plaintiff divides his claims into three counts.  First, under 42 U.S.C. § 1983, Plaintiff claims Singleton violated his Equal Protection, Due Process, and Fourth Amendment rights.  In Count Two, Plaintiff claims Singleton engaged in a conspiracy to deprive him of Equal Protection under 42 U.S.C. § 1985.  Finally, in Count Three, Plaintiff asserts a state-law claim of intentional infliction of emotional distress.

As relief, Plaintiff seeks monetary damages.  *Id.* at 56.  *See also* Doc. 1, Complaint at *PageID* 7-8.

---

[3] Although the Amended Complaint lists Singleton as the sole Defendant, Plaintiff repeatedly refers to "Defendants" in the Complaint and incorporates portions of the original Complaint.  (*See* Doc. 6, *PageID* 54-56).

4

**C. Analysis.**

At this juncture in the proceedings, without the benefit of briefing by the parties to this action and out of an abundance of caution, the Undersigned concludes that Plaintiff may proceed with his Due Process and Fourth Amendment claims against Defendant Singleton, as well as his supplemental state-law claim of intentional infliction of emotional distress. Plaintiff's claims are deserving of further development and may proceed at this juncture.[4] Plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

As recommended in the pending Report and Recommendation (*see* Doc. 4), Plaintiff's claims against Brown County, the Brown County Sheriff's Department, and his conspiracy claims under 42 U.S.C. § 1985 should be dismissed. For the reasons previously detailed (*see* Doc. 4, *PageID* 43-46), Plaintiff has failed to plausibly allege that his alleged injuries were the result of an unconstitutional policy or custom of Brown County or that any Defendant conspired against him. The Amended Complaint does not cure the identified deficiencies. Accordingly, consistent with the prior Report and Recommendation, Plaintiff's claims against the Brown County Sheriff's Department, Brown County, and his conspiracy claims under 42 U.S.C. § 1985 should be dismissed.

Plaintiff's Equal Protection claim should also be dismissed against Defendant Singleton. "The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681–82 (6th Cir. 2011) (citing *Radvansky v. City of Olmsted Falls*, 395

---

[4] The Court has not made a determination as to the merits of the claims or potential defenses thereto, nor is defendant precluded from filing a motion to dismiss, motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure. *See, e.g., Wiley v. Austin*, No. 8:20CV220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

F.3d 291, 312 (6th Cir. 2005)).  To state a claim for discrimination under the Equal Protection Clause, Plaintiff must allege sufficient facts to show that a state actor intentionally discriminated against him because of his membership in a protected class.  *Simpson v. Ameji*, 57 F. App'x 238, 239 (6th Cir. 2003) (citing *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990)). Plaintiff's conclusory allegation that "Defendants violated Plaintiff's equal protection of the laws under the Fourteenth Amendment" is insufficient to plausibly suggest that Singleton—or any Defendant—treated Plaintiff differently or denied him any rights because of his membership in a protected class.  Such "naked assertion[s] devoid of further factual enhancement" fail to meet the basic pleading standard under *Twombly.  Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).  Plaintiff's Equal Protection claim should therefore be dismissed.

Accordingly, in sum, Plaintiff may proceed with his Due Process, Fourth Amendment, and supplemental state-law claims against Defendant Sergeant Singleton.  However, Plaintiff has failed to provide summons and U.S. Marshal forms for service.  It is therefore **ORDERED** that Plaintiff, **within thirty (30) days** of the date of this Order, submit completed summons and U.S. Marshal forms for Defendant Sergeant Singleton.  Once the Court receives the requested forms the Court will order service of process by the United States Marshal.   Plaintiff is **ADVISED** that failure to comply with this Order may result in the dismissal of this action for want of prosecution.

Having found that the remaining claims alleged in the Complaint and Supplemental Amended Complaint fail to state a claim upon which relief may be granted, Plaintiff's remaining claims should be dismissed.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

**IT IS THEREFORE RECOMMENDED THAT:**

1.  The pending Report and Recommendation (Doc. 4) be **ADOPTED** to the extent that Plaintiff's claims against Defendants Brown County Sheriff's Department and Brown County, as well as his conspiracy claims be **DISMISSED** for failure to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii).

2.  The Supplemental Amended Complaint (Doc. 6) be **DISMISSED**, with the exception of Plaintiff's Due Process, Fourth Amendment, and supplemental state-law claims against Defendant Sergeant Singleton.

3.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS THEREFORE ORDERED THAT:**

Plaintiff, **within thirty (30) days** of the date of this Order, submit completed summons and U.S. Marshal form for service on Defendant Sergeant Singleton.  Once the Court receives the requested summons and United States Marshal forms, the Court will order service of process by the United States Marshal.

January 6, 2026                    *s/Peter B. Silvain, Jr.*
                                   Peter B. Silvain, Jr.
                                   United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).